Next case, Local 1374 v. Roberts, Judge Smith Thank you, Judge Smith, and may it please the Court. Yesterday, the Union requested that this Court vacate the preliminary injunction and expressly disavow any immediate challenge to the Ethics Board's declaratory opinion. This Court should take the Union at its word and vacate the injunction. Two additional points underscore why. First, the Union now faces an Article III problem. The injunction is not key to Mr. Burkett himself. It broadly enjoys the Ethics Board's members from enforcing the declaratory opinion against the Union. But if no Union officer, director, or trustee serves on the Civil Service Board, and none is poised to do so, then the Union faces no concrete or imminent injury supporting prospective relief. But there could be another person substituted at some time. I mean, there would still be a controversy about that. Your Honor, it is unclear from the record, and there's no evidence in the record, that any Union member serves on the Board right now. The only thing that we knew was that Craig Burkett had served on the Board, and now he does not serve on the Board. And the elections for the Civil Service Board, I believe, happen after three-year terms, and so it's very unclear when or if a Union officer, director, or trustee would serve on the Board again. So, therefore, there is no live case or controversy. The proper course is thus to vacate and remand with instructions to dismiss, or at minimum, to vacate and remand for the District Court to address Article III in the first instance. Second, even if there is no Article III issue, the Union now faces claim preclusion problems because the state court proceedings are final. That too supports vacature, at least with a remand so the District Court can address claim preclusion in the first instance. I'm happy to answer any questions this Court has about the current posture or the merits. But if there are no questions, I'll save my time for rebuttal. Thank you. All right. Mr. Linscott. May it please the Court, my name is Mark Linscott, with the Pharr-Mooney Court of Appeals, and I represent Appellee Jefferson Parish Firefighter Association, IFS Local 1374 in this matter. Your Honors, yesterday, in preparation for this oral argument, counsel for the Union discovered that Craig Burkett had resigned from the Civil Service Board and that the fire department member filling his seat is not a Union officer or trustee. Counsel informed the Court and opposing counsel as soon as it could via a 28-J letter. When was the resignation? Excuse me? When was the resignation? From what I heard yesterday, it was in January or February of 2026. January or February of 2026? Yes, sir. But you just learned about it yesterday? Yes, Your Honor. Do you know anything about the circumstances of the resignation? My understanding, Your Honor, is that Craig Burkett was promoted to District Chief and therefore he felt there was no longer, he was no longer a regular member of the fire department, as required by the statute to sit on the Civil Service Board, and that he needed to resign and a normal member of the fire department, someone below chief, needed to fill the position. But there was an injunction in this case, and the appellants were laboring under it for months. The injunction in this case was administratively stayed in August of 2025. Okay, so there was no irreparable injury to the fire department? No, Your Honor. As opposing counsel has said, the preliminary, in the appellee's view, the preliminary injunction therefore is moot. The District Court's preliminary injunction was based in part on the fact that a union was therefore completely precluded from providing representation to its members. Now that Mr. Burkett no longer serves on the Civil Service Board, and to our knowledge no union officer or trustee does either, the declaratory opinion does not currently infringe on the union's First Amendment right to hire an attorney for its members. Thus, the union... But this could recur again depending on who gets back on board, right? Yes, Your Honor, and that is why the union... And as history just showed us, that can happen unexpectedly at any time. Yes, Your Honor, that is why the union has requested that the court vacate the preliminary injunction and remand so the District Court can decide the remaining, the remaining issues concerning the union's request for a declaratory judgment that the declaratory opinion in and of itself infringes on the union's First Amendment right. All right, because if the entire action were moved, and I don't think you're telling us that, but if the entire action were moved, we wouldn't even have any power to vacate or remand or anything else. Correct, Your Honor, but we do not believe the entire action is moved, only the preliminary injunction, which is all that is on appeal today. The appellants only appealed the preliminary injunction. They did not appeal the court's motion ruling on the motion to dismiss. So our declaratory judgment motion is still before the court, and it still has, obviously, other issues to resolve. We do not believe it is moved because, again, this is something that is capable of repetition, yet avoiding judicial review. It's clear that every three years, someone new is elected to the Civil Service Board where the union does not control who is elected. They're elected among the members of the fire department, and so those members are free to elect a union officer or a union trustee every three years. And again, three years, as we've seen, this case has gone on for at least a year and a half, and we've only reached the appeal of the preliminary injunction. We haven't even gotten to discovery or summary judgment or the merits. So three years is obviously too short a time for the court, if there was an issue for the court to issue a ruling. What would be the theory that you could get a declaratory judgment without having an offending member on the board? Your Honor, again, What's your injury? So our injury has occurred in the past. It was that we were denied the ability to represent our members. Moving forward, it would be one of these cases that it is capable of repetition but denying review. If a union officer is elected, suddenly the union is without its First Amendment right to provide an attorney for its members. It goes to court. It goes up and down, back and forth. Within three years, more likely than not, it has not run the complete course of litigation. That person may leave, and now there's a union member who's not an officer serving, and we're in the exact same position we are today. What's your best case for the idea that a case is capable of repetition yet evading review when it has a three-month fuse? Can you say it again? I'm sorry, three-year fuse, excuse me. So we see these cases with some regularity, and we play whack-a-mole with preliminary injunctions from district courts with some regularity. The state of Louisiana knows it better than anyone because we've seen it in the PLRA context. So what is your best, and those are memory serves like 90-day provisions, so what's your idea that capable of repetition yet evading review would apply to a case that has baked into it a three-year fuse? Your Honor, in preparation for this oral argument, I looked at some case laws obviously not in front of the court in the brief, so I hesitate to put anything on the record on that. But from my initial review, there are some cases where the court has found two years is too short a time. And so I do not think it is a large leap of logic to say three years, especially with how long this case has taken so far, that three years would not allow for full litigation. Your Honor, again, the union respectfully requests that the court vacate the preliminary injunction as moot based on the change in circumstances that a union officer no longer is serving on the Civil Service Board and remand for the remaining declaratory judgment issue to be carried out by the district court. I'm happy to answer any questions on the merits. Well, why don't you assume that this latest event had not occurred and that we were still addressing the merits. Why don't you go ahead and address the merits that you would have talked about, and then Ms. Smith would have an opportunity to, in her rebuttal, if you wish to, to respond to what you say on the merits. Certainly. So with respect to the abstention arguments, the board members failed to show that the district court's decision to abstain under Pullman or Younger was an abuse of discretion. In fact, the district court correctly determined the board members had failed to meet the narrow requirements to invoke abstention under either doctrine. Since the Louisiana Supreme Court has resolved the parallel state proceeding that could justify abstention, the board members' abstention arguments are moot. There is no longer a parallel state proceeding that could justify the court abstaining from exercising its lawful jurisdiction. The court should deny the board members' arguments based on abstention. With respect to the merits, the appeal, as stated by the appellants, is that the district court correctly found the union was likely to succeed on the merits because the board members' justification for infringing the union's First Amendment right to hire an attorney to represent its members was not compelling, and because the declaratory opinion is not narrowly tailored. That is, the board members fail exacting scrutiny, which requires a subordinating interest that is compelling, and that the means employed in furtherance of that interest are closely drawn to it. Counsel, let me ask you, pick you up on the question of capable repetition, yes, escaping review. It occurs to me that the state can just make Burkett recuse himself in cases where he has a conflict. In other words, you have not categorically banned the union from finding members counsel. Yes, Your Honor, so in our briefing, I think we laid out that that goes to the narrow tailoring. That is not, I agree with you, the state could do that. I'm not talking about your briefing in the earlier posture of the case. I'm talking about given where you are now. I don't see anything left in this case when all the state has to do is to make Burkett recuse himself when he has a conflict. In other words, that really suggests to me that's almost a hypothetical problem. There's no large conflict of interest here when you have a simple thing of recusal. We recuse in cases from time to time, whatever. In other words, that's a very simple device. So to me, since you have that and it's untouched by us, I don't see anything for us to do. Your Honor, the declaratory opinion is, even though there's been a change in circumstance, the declaratory opinion is still on the books. Declaratory opinion says that the union cannot provide counsel when Burkett, a union officer, or a union trustee sits on the civil service board. It does not say they must recuse themselves. Well, the case is mooted. It takes care of what? There's no extant authority to go on. This case is before us on appeal. You're right, Your Honor, on appeal of the preliminary injunction where we agree it is moot. But to the repetition, again, the union does not control who is appointed to the civil service board. The fire department members individually engage in an election and nomination and appoint someone that could be a union officer and it could recur every three years. So that goes to the repetition. If that were to happen, this declaratory opinion is still on the books and suddenly the union is without its right. Let me make myself clear. I'm talking about the structure as it is. All that required is that when there's an actual conflict, there's a recusal and you don't try to deal with it in categorical, absolute terms. Yes, Your Honor. But that's not what the declaratory judgment says. That's not what a lot of things are where you are right now. Anyway, I think that's fair. So what do you think we ought to do to keep the case going? We would request that the preliminary injunction is vacated or remanded as moot and then the union is free and the district court can rule on the remaining issues of our request for a declaratory judgment with full briefing on any of these issues that might come up. With the declaratory relief, what I've just stated would be, especially if you're saying that, I think the district judge could conclude that he doesn't have a problem so long as Burkett recuses himself from cases where he has a conflict. Instead of doing it structurally, like any other situation where someone is serving and they have a conflict, they step aside. Do you follow me? I do follow you, Your Honor. But the declaratory opinion as written says as long as a union officer or trustee sits on the civil service board, the union cannot bring an attorney on behalf of its members. It does not say where recusal happens. Suddenly the union can. And the union, therefore, runs the risk of being investigated or brought up on charges by the ethics board. Why can't we say that? This is because on appeal, this is the preliminary. All that is on appeal, Your Honor, is the preliminary injunction, not the request for declaratory judgment itself. Well, the preliminary injunction to do what? What are you asking? What has been mooted by the injunction that you're talking about? The irreparable harm that was suffered has been mooted. So we were precluded. We could not bring an attorney in front of the civil service board on behalf of the union's membership while Burkett was on the board. Now that he is no longer on the board, on the civil service board, the union can presumably, under the declaratory opinion, resume representation. So the irreparable harm that was at issue, that we needed the preliminary injunction to protect our First Amendment right because it was being infringed, was no longer present. I guess what troubles me is that it's almost a manufactured case. Because I don't see the difficulty. It doesn't persist in our arrangements. You recuse when you have a conflict. Again, Your Honor, it is the ... You're saying that there's inevitably a conflict about what? Say that again, Your Honor. I'm sorry. You're saying that the service itself is a conflict. No, Your Honor, we are not. In fact, here, the declaratory opinion says the union does not have a financial interest in these cases, nor did Burkett. So our theory was, and remains, that therefore the declaratory opinion is only addressing hypothetical conflicts of interest. So where the state denies First Amendment rights based off hypothetical conflicts of interest, Button, Trainman, and United Mine Workers have all rejected that that is a compelling state interest. All right. Anything else? No, Your Honor. All right. Thank you. Thank you very much. Ms. Cutt. Ms. Smith, you can address the mootness point, but also any of the merits, assuming that it's not moot. And let's just set the clock at ten minutes. You can use as little of that as you'd like to, but if there's anything else that you'd like to respond to about what's being said, or any of the underlying issues, you have a chance to do that now. Okay. Thank you, Your Honor. I appreciate that. I'll start with just a couple of quick points. First is that the injury we're talking about now, and whether or not someone will eventually serve on the Civil Service Board again, who is a union officer, trustee, employee, is far too speculative and not imminent. It would require a secret ballot, an election, and that officer being elected to the Civil Service Board, and none of those things are guaranteed. And that defeats any Article III standing. The second point I'll make is that if they are no longer seeking a preliminary injunction, that means they are only seeking declaratory relief. And if they are only seeking declaratory relief, then this is a suit against officials in their official capacity, and sovereign immunity would bar that relief, because ex parte young requires prospective, forward-looking relief. As far as the merits go, I'll just briefly go through them. First, I'd say that these are now claim precluded, because the state court proceedings have finalized, and the union had the opportunity to bring these same issues in the state court proceedings. For Pullman abstention, that also should have applied at the time that the preliminary injunction was issued. And at the time, the Louisiana First Circuit was actively interpreting and applying the statute that the declaratory opinion interprets and applies to the union. The same statute, and so Pullman abstention should have applied because there was an uncertain issue of state law fairly subject to an interpretation by state court that could have mooted these proceedings. Younger abstention, likewise, would apply, and that's because there is an ongoing state judicial proceeding with an important state interest and an adequate opportunity to raise the First Amendment issue in the state court. I direct this court to ROA 394, where they explicitly recognize in their state court briefing that the First Amendment is available and that they could have used that for constitutional avoidance. And it's akin to a civil enforcement proceeding, because declaratory opinions are judicial in nature, and our brief walks through all of those factors. But it is fundamentally civil. It is fundamentally civil, yes. And it's also over. It is also over, yes. For that point, I would say that this court should look at the Second Circuit's opinion in Gristina v. Merchant. That's at 131 F. 4th 82. And there they explain why Younger should be evaluated at the time that a suit is filed, because it has impacts on the way litigation will be run, and it explains through the parade of horribles that would happen if you could always reevaluate Younger. I understand the instinct to just assume away the finality of it, and assume the Second Circuit's right about the time of commencement of the suit. What's the best authority for the idea that we should extend Younger to civil proceedings? Well, Your Honor, Sprint Communications says that it should be extended to civil enforcement proceedings. And so Middlesex sets the precedent that it is not just for criminal proceedings. Sprint furthers that and explains that it should be judicial in nature, and they should be akin to civil enforcement proceedings.  But it has to be civil enforcement proceedings that are so close to the line of criminality that whenever the process, the penalties, all of the various things that give rise to Younger abstention more generally. Yes, Your Honor. And I do believe that this meets those requirements. If you look at Louisiana statutes for how declaratory opinions operate, they are binding and preclusive. They have the same effect as the declaratory judgment. But those are civil remedies, right? Yes. My understanding of the way that we would think about this, we would try to figure out how close to the line of criminality or to criminal penalty would be the underlying state proceeding. Yes. And so it would need to be things that are, you know, criminal and penalties in a sense.  Not just preclusive and not just declaratory. Yes. I would say I'd look at Sprint Communications because it sets up some hallmarks for that. Things like initiation, penalties, investigation, discovery, proceedings culminating with the ability of culminating in formal charges or complaints. And here we meet those factors. Declaratory opinions are judicial in nature. No one disputes that, I don't think. And they follow months of investigation and discovery statutorily. And it culminates in a public hearing where all interested parties have the opportunity to present evidence. The evidentiary rules are the same as judicial evidentiary rules. The hearing can culminate in formal charges. And once the Board of Ethics issues its opinion, it is binding on the parties subject only to review by the Louisiana First Circuit. And then for the First Amendment and the merits issues, again, there is no Article III standing anymore in this case. So I think it would be improper for you to reach the merits. But the union's framing is the first problem. It argues that whenever a union pays for a lawyer, that is strict scrutiny and there can be no infringement upon that right. But that's just not how the First Amendment works. I recommend that this court follows the Fourth Circuit's Unanimous Reasoning and Capital Associated Industries v. Stein. That's at 922 F3D 198. And it does a great job of walking through Button and the labor union line of cases and explaining that those have three hallmarks for those. They engage in the difference between commercial lawyering and lawyering for the right of advocacy under constitutional grounds. And so in Capital Associates, it was a trade association that was engaging in the unauthorized practice of law. And the Fourth Circuit distinguished it by saying, first, that the practice was for commercial lawyering for private concerns, not lawyering to advocate in enforcement of legal rights. Second, it didn't facilitate meaningful access to the courts. And third, it raised ethical concerns that were simply not at issue in Button. And the same logic applies here. This is litigation over private concerns, like member grievances and disciplinary appeals, not the kind of politically expressive activity that the First Amendment is meant to protect. Nothing about Statute 42-1111E cuts off access to any forum. It is a statewide, neutral, economic ethics rule that applies to any public servant in the state, not just the union. The union can still hire and pay for counsel, and it can still represent themselves in court like it is today, including before the Civil Service Board, so long as an officer does not sit on the board. And now no officer does sit on the board. And then finally, there is a real and imminent ethical conflict. It's a statute about an economic interest between the board paying for a lawyer and the union officer sitting on the board that is paying for the counsel appearing before them. So at the end of the day, there is no longer Article III jurisdiction, and this court should vacate with instructions to dismiss. All right, thank you. Thank you. The case is under submission.